# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CUMIS INSURANCE SOCIETY, INC.,
an Iowa corporation,

        Plaintiff,

v.                                                                                                                                                                                           No. CIV 18-0684 RB/KBM

ZIA CREDIT UNION, a domestic Credit Union,

        Defendant.

## MEMORANDUM OPINION AND ORDER

In 2013, Ms. Stella Vigil filed a lawsuit against Zia Credit Union (Zia) in New Mexico state district court to recover money that Zia had seized from a joint account that Ms. Vigil held with her daughter. CUMIS Insurance Society, Inc. (CUMIS), Zia's insurer, defended Zia in the state suit subject to a reservation of rights. In February 2018, after a jury found in Ms. Vigil's favor, the state court issued its final judgment, which included an award of over $650,000 in damages. Thereafter, Zia moved to file a third-party complaint in the state action against CUMIS, seeking a declaratory judgment regarding the scope of coverage under the applicable insurance policy. CUMIS then filed a complaint in this Court, seeking declaratory relief on the issues of whether CUMIS owes a duty to defend and/or indemnify Zia in the underlying state case. Zia moved to dismiss or stay CUMIS's lawsuit.

In November 2018, Zia satisfied the judgment and the state court dismissed Ms. Vigil from all further proceedings in the state case. CUMIS then removed Zia's third-party complaint to this Court. Zia now moves to dismiss CUMIS's complaint in the lawsuit CUMIS filed and to remand the third-party complaint that CUMIS removed. CUMIS moves to consolidate the two cases. After considering the parties' briefs and the relevant law, the Court will deny CUMIS's motion to

consolidate and grant Zia's motion in part—staying this case. The Court will not rule on Zia's motion to remand, which is pending before United States District Judge Martha Vazquez.

I. Background

Ms. Vigil opened a shared savings account at Zia Credit Union with her daughter, Ms. Cassandra Trujillo, so that Ms. Trujillo could manage the account in the event of Ms. Vigil's illness or death. (Doc. 1-B ¶¶ 3–5.) Years later, Ms. Trujillo defaulted on a loan with Zia. (*Id.* ¶¶ 21–24.) Ms. Vigil did not co-sign on the loan or pledge the funds in her savings account to secure Ms. Trujillo's loan. (*Id.* ¶ 22.) Although Ms. Trujillo had never contributed any funds to the joint savings account, Zia seized all of the funds in the account to satisfy the debt, against Ms. Vigil's and Ms. Trujillo's wishes and in contravention of state law. (*Id.* ¶¶ 26–28, 34.) Ms. Vigil filed suit against Zia in state court on January 17, 2013. (*See id.* at 1.)

CUMIS insured Zia under a "Management and Professional Liability Policy." (Doc. 1 ¶ 6; *see also* Doc. 1-A.) Pursuant to this policy, CUMIS notified Zia on February 7, 2013, that CUMIS would provide for Zia's defense against Ms. Vigil's suit subject to a reservation of rights. (Docs. 1 ¶ 9; 12-A.) In 2014, Ms. Vigil offered to settle the lawsuit for $350,000. (Docs. 12 at 2; 12-B.) Zia consulted with its counsel and concluded that "there was 'a substantial likelihood of an adverse verdict in excess of policy limits[]' . . . [and] demanded that CUMIS settle the case." (Doc. 12 at 2 (quoting Doc. 12-C at 1).) CUMIS disagreed and refused to accept Ms. Vigil's offer. (*Id.* (citing Doc. 12-D).) The case went to trial, and the jury returned a verdict for Ms. Vigil. (*Id.* at 3.) The state court entered final judgment on February 21, 2018, awarding Ms. Vigil $650,105.78. (*Id.*)

On February 23, 2018, "CUMIS informed Zia that none of the relief awarded" to Ms. Vigil is covered by the insurance policy. (*Id.* (quoting Doc. 12-H) (quotation marks omitted).) Zia filed a motion for leave to file a third-party complaint in Ms. Vigil's lawsuit on June 21, 2018, seeking

a declaration from the state court regarding CUMIS's duty to defend and indemnify Zia. (*See id.*; Doc. 12-I.) Over three weeks later, CUMIS filed its Complaint for Declaratory Relief in this Court, seeking a declaratory judgment on whether it has a duty to defend or indemnify Zia. (*See* Doc. 1.) Zia moved to dismiss CUMIS's federal lawsuit in August 2018. (Doc. 12.) Several months later, CUMIS filed a motion to dismiss Zia's third-party complaint in the state action. *See Vigil v. Zia Credit Union*, D-117-CV-201300032, Mot. to Dismiss (1st Jud. Dist. Nov. 9, 2018). Before that motion was fully briefed, "Zia satisfied the judgment in favor of Ms. Vigil[,]" and the state court dismissed her from the lawsuit entirely. (*See* 18cv1210, Doc. 12 at 2.) With Ms. Vigil out of the state suit, CUMIS removed Zia's third-party complaint to this Court (18cv1210, Doc. 1) and moved to consolidate the two federal cases (Doc. 26). Zia opposes the motion to consolidate (*see* Doc. 28) and moves to remand the removed third-party complaint (18cv1210, Doc. 5).

## II. The Court will deny CUMIS's motion to consolidate.

CUMIS has moved to consolidate the two actions pending in federal court because they pose "an identical question: whether CUMIS's Management & Professional Liability Policy . . . provides insurance coverage for" the judgment Ms. Vigil obtained against Zia in the state case. (*See* Doc. 26 at 1.) Referencing its motion to remand in 18cv1210, Zia argues that removal was improper, thus CUMIS's removed action is not truly "pending" and consolidation is inappropriate under Federal Rule of Civil Procedure 42. (*See* Doc. 28 at 3; *see also* 18cv1210, Doc. 5.) Judge Vazquez has not decided the motion to remand in 18cv1210; consequently, "it would be inappropriate and premature for the Court to consolidate these cases."[1] *See Great Am. Ins. Co. v.*

---

[1] Were the Court to examine the merits of Zia's motion to remand, it would likely find that the removed case is not properly pending before the Court, because it is a supplemental action to the underlying state case, and thus consolidation is inappropriate.

In *Tapia v. Dove*, No. 1:13-CV-00517, 2013 WL 12205050 (D.N.M. Aug. 12, 2013), Senior United States

3

*Crabtree*, No. CIV 11-1129 JB/KBM, 2012 WL 3656500, at *20 (D.N.M. Aug. 23, 2010) (citing *U.S. for Use of Owens-Corning Fiberglass Corp. v. Brandt Constr. Co.*, 826 F.2d 643, 647 (7th Cir. 1987) ("Rule 42(a) requires that *both* actions be 'pending before the court' and an improperly removed action does not meet this criterion.")) (subsequent and internal citations omitted). Thus, the Court will deny CUMIS's motion to consolidate.

### III. The Court will grant Zia's motion in part and stay the case.

CUMIS seeks a declaration that it does not have a duty to either defend or indemnify Zia in the underlying action. (*See* Doc. 1.) Zia contends that the Court should decline to exercise its jurisdiction over this lawsuit. (*See* Doc. 12.) CUMIS filed this action under the Declaratory Judgment Act, which confers discretion on the Court to "declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201. (*See also* Doc. 1.) To determine whether to exercise jurisdiction over CUMIS's case, the Court must decide "whether 'the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court.'" *Burlington Ins. Co. v. Las Cruces Gospel Rescue Mission,*

---

District Judge James Parker held that a similar declaratory judgment action was "not a 'civil action' that may be removed under [§ 1441(a)], because it [was] 'merely ancillary or supplemental' to the underlying state case." *Tapia*, 2013 WL 12205050, at *7 (citing *W. Med. Props. Corp. v. Denver Opportunity, Inc.*, 482 F. Supp. 1205, 1207 (D. Colo. 1980) (noting that "[i]t is a well settled rule that a suit which is merely ancillary or supplemental to another action cannot be removed") (citations omitted)). Because the plaintiff had only brought an action for a declaratory judgment to determine whether the insurer had breached a duty to defend, and because "[t]he state court [had] already addressed the issue of" the first defendant's liability and had "the [parties'] settlement agreement before it[,]" Judge Parker found that the third-party complaint was supplemental to the original state action, even though it "pose[d] different issues from those addressed in the" original state action. *Id.*; *see also Rivera v. Fast Eddie's, Inc.*, 829 F. Supp. 2d 1088, 1090 (D.N.M. 2011) (allowing removed case to go forward where the plaintiff not only claimed that the insurer breached its duty to defend, but also brought separate claims against the insurer). Judge Parker granted the motion to remand on this basis, finding that "[t]he state court is in the proper position to consider [the] supplemental issue." *Tapia*, 2013 WL 12205050, at *7. The same is true here. Zia's third-party complaint appears to be supplemental to the state action and may not be removed. Consequently, CUMIS's improperly removed case would not be eligible for consolidation. *See U.S. for Use of Owens-Corning Fiberglass Corp. v. Brandt Constr. Co.*, 826 F.2d 643, 647 (7th Cir. 1987).

*Inc.*, No. 2:11-CV-0544-WJ-WPL, 2011 WL 13284626, at *2 (D.N.M. Oct. 12, 2011) (quoting *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942)) (subsequent citation omitted).

> The Tenth Circuit has adopted a five-factor test for evaluating whether a district court should exercise its discretionary jurisdiction over a declaratory judgment action. *See St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995). These factors include:
>
> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Valdez v. Metro. Prop. & Cas. Ins. Co.*, 867 F. Supp. 2d 1143, 1168 (D.N.M. 2012) (quoting *St. Paul Fire & Marine Ins. Co.*, 53 F.3d at 1169 (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (internal quotation omitted))).

With respect to the first two *Mhoon* factors, Zia argues that because the issues in both the third-party complaint and CUMIS's federal action are identical, the Court should defer to the state court. (*See* Doc. 12 at 5–7.) CUMIS does not dispute Zia's contention that the issues raised in the cases are identical. (*See* Doc. 19 at 10–11.) Instead, CUMIS counters that Zia's third-party complaint was improperly filed in the underlying tort action and should not be used to defeat federal jurisdiction. (*Id.* at 6–7.) While CUMIS disagrees that Zia should have been allowed to inject an insurance coverage dispute into Ms. Vigil's tort action, the fact remains that the state court granted Zia's motion to file the third-party complaint. *See Vigil*, D-117-CV-201300032, Order Granting Mot. for Leave to File Third-Party Compl. (1st Jud. Dist. Sept. 24, 2018). CUMIS filed a motion to dismiss that complaint, but the state court did not have an opportunity to rule on the motion or move forward with the action before CUMIS removed it to federal court. *See id.*,

Mot. to Dismiss (1st Jud. Dist. Dec. 7, 2018). (*See also* 18cv1210, Doc. 1.)

If the state court denies CUMIS's motion to dismiss, "the state court could fully settle the dispute." *See Nationwide Mut. Ins. Co. v. C.R. Gurule, Inc.*, 148 F. Supp. 3d 1206, 1226 (D.N.M. 2015). "The state case involves solely questions of New Mexico state law, and there are no questions outside of the state court's jurisdiction or expertise." *See id.* (citation omitted). This case is distinguishable from *Mhoon*, where the Tenth Circuit found that the federal court appropriately exercised its discretion "to proceed with the federal declaratory action because the insurer was not 'a party to the state tort action, thus obviating any need for an independent declaratory action and providing a simpler and more efficient resolution of [the insurer's] obligations toward [the insured].'" *Burlington Ins. Co.*, 2011 WL 13284626, at *3 (quoting *Mhoon*, 31 F.3d at 984). The Court finds that "the claims of all parties in interest can satisfactorily be adjudicated in [the state-court] proceeding[,]" *see id.* (quotations and citation omitted), thus the first two factors weigh in favor of resolution of this matter by the state court.

Both parties accuse the other of engaging in procedural fencing under the third *Mhoon* factor. (*See* Docs. 12 at 7–8; 19 at 8–10.) The Court is not persuaded that either party is entirely innocent of or responsible for the procedural posture of this case. CUMIS has made no secret of its position regarding indemnification, yet neither party chose to move for a declaration until after the tort action had resolved.

With respect to the fourth and fifth *Mhoon* factors, the Court finds that because the state court has already heard the entire tort action, allowing the state court to proceed will provide a better and more effective remedy and will prevent friction between the state and federal courts. The posture of this case is similar to that in *Nautilus Insurance Co. v. Tierra Blanca Ranch*, No. 14-cv-988 MCA/SMV, 2015 WL 11643517 (D.N.M. Sept. 29, 2015). There, the court found that

where a third-party complaint was pending and there was "no way of knowing the state court's position or at what point it [was] in its process regarding the issue[,]" it was better to decline to exercise jurisdiction. *Id.* at *4. The court opined that if it "entered a judgment it could undermine the state court's work . . . or possibly enter a judgment contrary to the state court's as yet unpublished ruling." *Id.* Similarly, here, the state court has been involved with this lawsuit (both the tort case and the insurance coverage case) for six years. It is in the best position to interpret the policy in light of the parties' actions. And "[t]o the extent this case may require the resolution of factual issues either to determine the duty to defend or the duty to indemnify, it is the underlying action in which the facts will be developed." *See id.* (citing *Lopez v. N.M. Pub. Schs. Ins. Authority*, 870 P.2d 745, 748–49 (N.M. 1994); *Found. Reserve Ins. Co. v. Mullenix*, 642 P.2d 604, 606 (N.M. 1982)).

On balance, the Court finds "there is a high likelihood of interfering in the state case where" the identical issues have been pending before the state court for some time. *See id.* Moreover, the Court finds that the parties' issues "can better be settled in the proceeding pending in the state court." *Burlington Ins. Co.*, 2011 WL 13284626, at *2 (quotation and citation omitted). The Court will, therefore, allow the state court case to proceed.

Zia requests that the Court dismiss or stay the case, while CUMIS does not address the issue of stay, advocating only for the Court to deny Zia's motion altogether. The Tenth Circuit has found that a stay is often preferable in declaratory action cases, because it is impossible to know whether the state court will dispose of all issues between the parties. *See United States v. City of Las Cruces*, 289 F.3d 1170, 1192 (10th Cir. 2002) (noting that "[t]he *Brillhart/Mhoon* analysis involves some measure of prognostication"). Because there is a chance that the state court will grant CUMIS's motion to dismiss the third-party complaint, the Court will stay this case pending

resolution of the state case. *See Burlington Ins. Co.*, 2011 WL 13284626, at *6 (staying the declaratory judgment action where the insurer had filed a motion to dismiss the third-party complaint in the state court, because of the possibility "that the state court will not be able to determine the matters relating to" defense and indemnification).

**THEREFORE**,

**IT IS ORDERED** that Defendant Zia Credit Union's Motion for Dismissal or Stay, filed on August 14, 2018 (Doc. 12), is **GRANTED IN PART** and this action is **STAYED** pending resolution of the state case; and

**IT IS FURTHER ORDERED** that Plaintiff CUMIS Insurance Society, Inc.'s Opposed Motion to Consolidate, filed on January 18, 2019 (Doc. 26), is **DENIED** without prejudice.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE